UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM HUDSON, individually, and on behalf of all others similarly situated, ) ) ) ) Plaintiff, ) ) Case No.: v. ) ) Judge: PROTECH SECURITY GROUP, INC., an ) Illinois corporation, KEITH BENSON, an ) individual, ) ) Defendants. ) | |

## COMPLAINT

Plaintiff, WILLIAM HUDSON, brings this civil action on behalf of himself, individually, and on behalf of all other similarly-situated persons known and unknown, by and through his attorneys, Seth R. Halpern and Meredith W. Buckley of Malkinson & Halpern, P.C., and complains of the Defendants, PROTECH SECURITY GROUP, INC., an Illinois Corporation, and KEITH BENSON, an individual, ("Defendants"), as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115.1 *et seq.*, ("IWPCA"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for Defendants' failure to pay all earned wages and/or earned overtime wages to Class Plaintiff and other similarly-situated persons for all time worked and all time worked in excess of forty hours

in individual work weeks. A copy of Class Plaintiff's Consent form to act as Representative Plaintiff in this collective action is attached hereto as Exhibit A.

2. Defendants operate a private security firm headquartered at 106 Stephen Street, Lemont, Illinois 60439. Defendants contract with various construction sites and commercial locations to provide security and patrol services. Plaintiff and similarly-situated individuals have been employed by Defendants as security officers and patrol personnel. Defendants have employed over one hundred of such employees in the prior three years.

3. Plaintiff brings this case on behalf of himself, individually, and on behalf of others who currently work, or who worked, as security officers and patrol personnel at any time during the applicable statute of limitations period (hereinafter "Violation Period").

## THE PARTIES

4. Plaintiff, WILLIAM HUDSON, is a resident of Lake County, Indiana and worked as a security officer for Defendants from approximately February of 2000 to March 1, 2015.

5. Defendant, PROTECH SECURITY GROUP, INC., owns and/or operates a security firm headquartered at 106 Stephen Street, Lemont, Cook County, Illinois 60439.

6. Defendant, KEITH BENSON (hereinafter "BENSON"), is the President of, and owns and operates PROTECH SECURITY GROUP, INC.

7. Defendant KEITH BENSON directly and/or indirectly acted and continues to act in the interest of PROTECH SECURITY GROUP, INC. in relation to its employees. BENSON, as President of PROTECH SECURITY GROUP, INC., allocated compensation to employees, made wage payment decisions, set policy and practices regarding employee pay and made, and continues to make, hiring and firing decisions for PROTECH SECURITY GROUP, INC.

8. At all relevant times, Plaintiff and other similarly-situated individuals were Defendants' "employees" as that term is defined by the IMWL, IWPCA and FLSA.

9. At all relevant times, Defendants, PROTECH SECURITY GROUP, INC. and KEITH BENSON, were, and are, "employers" as the term is defined by the IMWL, IWPCA and FLSA.

## FACTUAL BACKGROUND

10. Plaintiff is an individual security officer who was employed by Defendants from approximately February of 2000 until March 1, 2015.

11. Defendant, PROTECH SECURITY GROUP, INC. contracts with various construction sites, commercial locations and private individuals to provide security services.

12. During the applicable statute of limitations period, Defendants would assign Plaintiff and other similarly-situated security officers to such construction sites, commercial locations or private individuals for the purpose of providing security and patrol services.

13. At all relevant times, Defendants required Plaintiff and other similarly situated employees to patrol and monitor their assigned sites for scheduled periods of time. Defendants scheduled the shifts for all of its security officers, including Plaintiff. Plaintiff and other similarly situated employees were required to remain onsite until another security officer relieved them from their post. If Plaintiff's, or another similarly situated security officer's, scheduled shift ended and a relief security officer was not present, Defendants required the on-duty security officer to stay at their assigned site past their scheduled shift until another security officer arrived to relieve them from their post.

14. At all relevant times, Defendants trained and instructed Plaintiff and its similarly situated employees on how to perform their job duties.

15. At all relevant times, Defendants additionally controlled, supervised and monitored Plaintiff's and other similarly situated security officer's work by regularly sending management personnel to visit worksites and checking on Plaintiff and its similarly situated security officers and employees.

16. Plaintiff and other similarly situated security officers were not allowed breaks, including for meals, and were required to monitor and patrol their assigned sites continually for the duration of their shifts until they were relieved from their post.

17. Defendants' routinely and continually did not pay Plaintiff and their similarly situated employees for all time worked and committed unlawful employment practices that included, but are not limited to:

    a. docking hours from Plaintiff and other similarly situated employees for alleged violations of Defendants' rules and/or policies;

    b. docking hours from Plaintiff and other similarly situated employees if they were minutes late for their scheduled shifts;

    c. docking hours from Plaintiff and other similarly situated employees if management arrived at a site and a security officer was found to be offsite for any reason, including to eat or obtain food;

    d. incorrectly calculating and/or eliminating hours worked from Plaintiff's and other similarly situated employees' time sheets for reasons other than those stated above, or for no reason; and

    e. wrongfully classifying Plaintiff and other similarly situated employees as independent contractors when they were employees.

18. Plaintiff and other similarly situated security officers typically worked sixteen to twenty-four hour shifts in a single day and typically worked five to six days per week. As a result, Plaintiff and other similarly situated security officers typically worked well in excess of forty hours in most individual work weeks.

19. At the end of each week, Plaintiff and other similarly situated security officers were required to send Defendants timesheets documenting their site location and hours worked.

20. Plaintiff and other similarly situated security officers were paid different rates depending on their assigned sites. Plaintiff was typically paid $10.00 per hour by Defendants.

21. At all relevant times, Defendants knew and were aware at all times that their security officers routinely worked in excess of forty hours per individual work week. Nonetheless, Defendants did not pay Plaintiff and their similarly situated employees overtime wages for hours worked in excess of forty hours during individual work weeks, as required by Federal and Illinois wage and hour law.

22. Plaintiff and other similarly situated employees were all subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of regular and overtime pay. As a result of Defendants' improper and willful failures to pay Plaintiff and other similarly situated employees in accordance with the requirements of Federal and Illinois wage and hour law, Plaintiff and other similarly situated employees suffered lost wages and other damages.

23. Continually and throughout his employment, Plaintiff complained to management, including but not limited to Keith Benson, about not being paid for hours worked, often as punishment for alleged violations of Defendants' rules and policies.

24. Continually and throughout his employment, Plaintiff complained to management, including but not limited to Keith Benson, about not receiving overtime wages.

25. In retaliation for Plaintiff's complaints regarding Defendants' failure to pay Plaintiff for certain work hours and the non-payment of overtime wages, Defendants reprimanded Plaintiff, threatened to remove him from job sites and, ultimately, terminated his employment in March of 2015.

## JURISDICTION AND VENUE

26. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## CLASS ALLEGATIONS

27. With respect to the IMWL, IWPCA and FLSA claims, Plaintiff, William Hudson, seeks to represent a class that is comprised of and defined as:

> "All security officers and patrol personnel who worked for Defendant PROTECH SECURITY GROUP INC., its subsidiaries, affiliated companies and/or predecessors at any time during the relevant statute of limitations period."

28. This action is properly maintainable as a class action under F.R.C.P. 23 because:

a. This class is so numerous that joinder of all the claims is impracticable;

b. There are questions of law or fact that are common to the class and predominate over any variations or individual issues that may exist between members of the Plaintiff class;

c. The claims of the Representative Plaintiff are typical of the claims of the class; and

d. The Representative Plaintiff will fairly and accurately protect the interests of the class.

**Numerosity**

29.     While the precise number of members of the Class has not yet been determined at this time, Class Plaintiff believes Defendants have employed in excess of one hundred persons who have been subject to Defendants' common unlawful pay practices during the Violation Period.

**Commonality**

30.     There are numerous and substantial questions of law and fact common to members of the class including, but not limited to:

   a. Whether Defendants' complained of practices violated the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.,* and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

   b. Whether Defendants failed to compensate class members for all the work they assigned, required, encouraged, suffered or permitted class members to perform;

   c. Whether Defendants failed to keep true and accurate records for all time worked;

   d. Whether Defendants failed to compensate class members for all work performed in excess of forty hours per workweek with overtime premium wages;

   e. Whether Defendants willfully failed to comply with federal and state wage and hour laws;

   f. Whether Defendants improperly classified and compensated Plaintiff and the class members as independent contractors instead of hourly employees

   g. Whether Plaintiff and the other class members were injured by Defendants' conduct, and the measure of damages and/or injunctive relief to which Plaintiff and the class are entitled.

31. These and other questions of law and fact common to the members of the Class are important and predominate over questions, if any, which may affect only individual members.

**Adequacy**

32. Plaintiff will fairly and adequately protect the interest of each Class member in that Plaintiff was a typical employee subject to Defendants' payment practices and has no interest antagonistic to the other members of the class. Furthermore, Plaintiff has retained competent legal counsel experienced in class action litigation.

**Typicality**

33. Plaintiff's claims are typical of the claims of all members of the class in that Plaintiff and the putative class members were or should have been employed by Defendants as hourly workers subjected to and damaged by Defendants' alleged unlawful payment practices. Plaintiff's claims and relief sought, monetary damages, injunctive relief, attorneys' fees and costs, are predominately common with each class member

.**Superiority**

34. A class action is superior to other available means for the fair and efficient adjudication of the controversy because individual joinder of the parties is impracticable. Class action treatment will allow numerous similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that would be incurred if these claims were brought individually. The presentation of separate civil actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for the

Defendants and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT I

**(Class Action)**
**Violation of the Illinois Minimum Wage Law**

35. Plaintiff, individually and on behalf of the class, hereby re-alleges and incorporates paragraphs 1-34 of this Complaint as if fully set forth herein.

36. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

37. Defendants are "employers" and Plaintiff and similarly situated individuals are "employees" under Illinois Statute 820 ILCS § 105 *et seq.*

38. Illinois Statute 820 ILCS § 105 *et seq.* requires employers to pay employees minimum wage for all hours worked.

39. Section 105/4(a) requires employers to pay employees one and a half times their regular rate for all hours worked over forty hours per individual work week.

40. Defendants violated Illinois Statute 820 ILCS § 105 *et seq.* by regularly and repeatedly failing to compensate Plaintiff and other class members as employees for the actual time they worked each week, including unpaid overtime at one and a half times their regular, hourly rate, for all hours worked per week in excess of forty hours during the violation period.

41. Additionally, Defendants' policy and practice of docking and/or eliminating hours from Plaintiff's and other class members' timesheets violated Illinois Statute 820 ILCS § 105 *et seq.*

42. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and other class members have suffered and continue to suffer lost wages and other damages.

43. Plaintiff and the class members are entitled to injunctive relief to prevent Defendant from continuing its violations of these statutory provisions and other appropriate class-wide injunctive relief for the class.

WHEREFORE, Plaintiff, WILLIAM HUDSON, individually and on behalf all others similarly situated prays for judgment against the Defendants, PROTECH SECURITY GROUP, INC. and KEITH BENSON, and each of them, as follows:

    a. Certifying the class of individuals who were employed by Defendants as hourly paid, non-exempt employees in the State of Illinois at any time during the relevant statute of limitations period;

    b. Appointing Plaintiff's counsel as counsel for the class;

    c. Appointing WILLIAM HUDSON as Class Representative;

    d. Declaring and finding that the Defendants committed one or more of the following acts:

        i. violated provisions of the Illinois Minimum Wage Act, 820 ILCS § 105 *et. seq.* by failing to pay minimum wage to Plaintiff and all class members for time worked; and/or

        ii. violated provision of the Illinois Minimum Wage Act, 820 ILCS § 105 *et. seq.* by failing to pay overtime wages to Plaintiff and all class members; and/or

        iii. violated provisions of the Illinois Minimum Wage Act, 820 ILCS § 105 *et. seq.*, by eliminating hours from Plaintiff and class members pay calculations for alleged violations of Defendants' rules and policies or for no reason at all.

    e. Awarding compensatory damages, including all regular and overtime pay owed, in an amount according to proof;

    f. Awarding interest on all regular and overtime compensation due accruing from the date such amounts were due;

    g. Awarding all costs and reasonable attorneys' fees incurred in prosecuting this claim;

    h. Granting leave to amend to add claims under applicable state and federal

        law;

i. Granting leave to name additional Plaintiffs by motion or any other method approved by Court;

j. Entry of a Permanent Injunction barring Defendants from engaging further in practices that violate the Illinois Minimum Wage Act, 820 ILCS 105/1 *et seq.*; and

k. Providing such relief as the Court deems just and equitable.

## COUNT II
### (Class Action)
### Violations of the Illinois Wage Payment and Collection Act

35. Plaintiff, individually and on behalf of the class, hereby re-alleges and incorporates paragraphs 1-34 of this Complaint as if fully set forth herein.

36. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367

37. At all relevant times Defendants are and were "employers" and the Plaintiff and class members are and were "employees" under Illinois statute 820 ILCS § 115/1 *et seq.*

38. Illinois Statute 820 ILCS § 115/1 *et seq.*, Illinois Wage Payment and Collection Act, defines wages as "any compensation owed to an employee pursuant to an employment contract or agreement between the two parties..." Payment to separated employees is termed "final compensation" and is defined as "wages, salaries, earned commissions, earned bonuses and any other compensation owed the employee by the employer pursuant to any employment contract or agreement between the two parties."

39. Illinois statute 820 ILCS § 115/4 requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 13 days after the end of the pay period in which such wages were earned. Illinois Statute 820 ILCS §115/5 provides that "every employer shall pay the final compensation of separated employees

11

in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

40.     At all times relevant, there was an agreement between Defendants, on the one hand, and Plaintiff and all other similarly situated employees on the other hand, that Defendants would pay them an hourly wage in exchange for all time worked as security officers and patrol personnel, and there was no agreement allowing Defendants to dock and/or eliminate time actually worked from Plaintiff's and other similarly situated employees' wage calculations..

41.     Defendant routinely "docked" Plaintiff's and other similarly situated employees' time when Defendants' supervisors or management believed Plaintiff or other similarly situated employees had violated one of Defendants' rules, policies or standards it had in place for its security officers and patrol personnel.  Defendant breached its agreement to pay Plaintiff and all other similarly situated individuals an hourly wage for all time worked by "docking" pay to Plaintiff and other similarly situated individuals for alleged violations of rules, policies or standards.

42.     Defendants breached its agreement to pay Plaintiff and other similarly situated individuals by routinely eliminating hours worked and/or incorrectly calculating the total time worked by Plaintiff and other similarly situated security officers.

43.     Defendant violated Illinois Statutes 820 ILCS § 115 *et seq.* by regularly and repeatedly failing to compensate Plaintiff and other similarly situated class members for the actual time they worked each week within 13 days of the date such compensation was earned and by failing to properly compensate Plaintiff and class members their rightful wages by the next scheduled payday after their separation.

44. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and similarly situated individuals have suffered and will continue to suffer lost wages and other damages.

45. Plaintiffs are also entitled to class-wide injunctive relief to prevent Defendants from continuing its violations of these statutory provisions and other appropriate class-wide injunctive relief.

WHEREFORE, Plaintiff, WILLIAM HUDSON, individually and on behalf of the other class prays for judgment against Defendants PROTECH SECURITY GROUP, INC. and KEITH BENSON, and each of them, as follows:

   a. Certifying the class of individuals who were employed by Defendants as hourly paid, non-exempt employees in the State of Illinois at any time during the relevant statute of limitations period;

   b. Appointing Plaintiff's counsel as counsel for the class;

   c. Appointing WILLIAM HUDSON as Class Representative;

   d. Declaring and finding that the Defendants violated provisions of the Illinois Wage Payment and Collection Act 820 ILCS § 115 *et seq.* by "docking" Plaintiff's and other class members pay and failing to pay Plaintiff and the other class members wages for all time worked;

   e. Awarding compensatory damages, including all wages owed, in an amount according to proof as provided by statute;

   f. Awarding interest on all regular and overtime compensation due accruing from the date such amounts were due;

   g. Awarding all costs and reasonable attorneys' fees incurred in prosecuting this claim;

   h. Granting leave to amend to add claims under applicable state and federal law;

   i. Granting leave to name additional Plaintiffs by motion or any other method approved by Court;

j.       Entry of a Permanent Injunction barring Defendants from engaging further in practice that violate the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*; and

k.       Providing for such relief as the Court deems just and equitable.

### COUNT III
### (Class Action)
### Violations of the Fair Labor Standards Act

35.     Plaintiff, individually and on behalf of the class, hereby re-alleges and incorporates paragraphs 1-34 of this Complaint as if fully set forth herein.

36.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in failing to pay overtime wages and properly compensate Plaintiff and other similarly situated individuals for the actual time they worked and for all time worked in excess of forty hours in individual work weeks.

37.     Plaintiff and other similarly situated individuals were directed by Defendants to work in excess of forty hours per individual work week.

38.     Defendants "docked" Plaintiff and other similarly situated individuals' hours for alleged violations of Defendants' rules, polices and standards and often, for no reason at all.

39.     Pursuant to 29 U.S.C. § 207, Plaintiff and other similarly situated employees are entitled to be compensated at their regular pay rate for all time worked, including any "docked" time, and at a rate of one and one half times their regular pay rate for all time worked in excess of forty hours in individual work weeks.

40.     Defendants' failure and refusal to pay Plaintiff and other similarly situated employees for all time worked, and overtime wages for all time worked in excess of forty hours per individual work week, violated the Fair Labor Standards Act.

41. Defendants knowingly and willfully violated the Fair Labor Standards Act by "docking" and/or eliminating Plaintiff's and similarly situated employees' time worked by purposefully refusing to pay Plaintiff and other similarly situated employees for all time worked and purposefully refusing to pay overtime wages for time worked in excess of forty hours in an individual work week.

WHEREFORE, Plaintiff, WILLIAM HUDSON, individually and on behalf of the class, prays for judgment against Defendants, PROTECH SECURITY GROUP, INC. and KEITH BENSON, and each of them, as follows:

    a. Certifying the class of individuals who were employed by Defendants as hourly paid, non-exempt employees in the State of Illinois at any time during the relevant statute of limitations period;

    b. Compensating Plaintiff and the other class members in the amount owed for all time worked including one and one half times Plaintiff's and other similarly situated employees' hourly rate for all time worked in excess of forty hours per individual work week;

    c. Appointing Plaintiff's counsel as counsel for the class;

    d. Appointing WILLIAM HUDSON as Class Representative;

    e. Awarding liquidated damages in an amount equal to the amount of unpaid wages and overtime wages found due;

    f. Awarding reasonable attorneys' fees and costs incurred in this action; and

    g. Providing for such relief as this Court deems appropriate and just.

### COUNT IV
**(Individual Action)**
**RETALIATION and WRONGFUL TERMINATION**

35. Plaintiff, individually and on behalf of the class, hereby re-alleges and incorporates paragraphs 1-34 of this Complaint as if fully set forth herein.

36. Continually and throughout his employment with Defendants, Plaintiff complained to management, including but not limited to Keith Benson, about having hours docked from his actual hours workedas punishment for alleged violations of Defendants' rules and policies.

37. Continually and throughout his employment with Defendants, Plaintiff complained to management, including but not limited to Keith Benson, about having time eliminated and/or incorrectly calculated and shorted from his actual hours worked.

38. Continually and throughout his employment with Defendants Plaintiff complained to management, including but not limited to Keith Benson, about not receiving overtime wages for weeks in which he worked in excess of forty hours

39. In response to Plaintiff's complaints about being "docked" time worked, not being paid for all hours worked and his complaints regarding non-payment of overtime wages, Plaintiff was reprimanded, told he would be removed from job assignments and eventually, on or aboutMarch 1, 2015, was terminated from his employment with Defendants.

40. The Illinois Minimum Wage Act, 820 ILCS 105/1 *et seq.,* Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* prohibit employers from retaliating against employees for complaints regarding non-payment of earned wages.

41. Defendants knowingly and willfully violated Illinois and Federal wage and hour statutes when it terminated Plaintiff in retaliation for his complaints regarding Defendants' wage and hour policies and practices.

42. As a result of Defendants' unlawful employment actions, Plaintiff suffered and continues to suffer lost wages and other damages.

WHEREFORE, Plaintiff, WILLIAM HUDSON, individually, prays for judgment against Defendants PROTECH SECURITY GROUP, INC. and KEITH BENSON, and each of them, as follows:

    a.    Declaring conduct of Defendants, and their agents/employees as described herein, is in violation of the Illinois Minimum Wage Act, 820 ILCS 105/1 *et seq.*, Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* and/or the Fair Labor Standards Act, 29 U.S.C. § 207;

    b.    Awarding compensatory and punitive damages;

    c.    Awarding reasonable attorneys' fees and costs; and

    d.    Providing for such relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**Dated: December 8, 2015**

Respectfully Submitted,

s/Seth R. Halpern
Seth R. Halpern

Seth R. Halpern
Meredith W. Buckley
MALKINSON & HALPERN, P.C.
208 S. LaSalle St., Suite 1750
Chicago, Illinois 60604
(312) 427-9600