UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM HUDSON, individually, and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) PROTECH SECURITY GROUP, INC., an Illinois corporation, KEITH BENSON, an individual, ) ) ) ) ) Defendants. ) | Case No.: 15 cv 11046 <br><br> Judge: Honorable Sidney I. Schenkier |

**ORDER PRELIMINARILY APPROVING RULE 23 CLASS ACTION SETTLEMENT, APPROVING THE FORM AND MANNER OF CLASS NOTICE, AND SETTING A HEARING FOR FINAL APPROVAL OF SETTLEMENT**

The Court having reviewed the Settlement Agreement and the record in this action, including Plaintiff's Unopposed Motion for Preliminary Approval of Settlement of Class Action, the proposed Notice of Proposed Class Action Settlement and Fairness Hearing Information Notice, the Settlement Claim Form and Class Counsel's Award of Reasonable Attorneys' fees and Costs, and all attachments thereto,

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this Action and the Parties, including the members of the Settlement Class as defined below.

3. The Court preliminarily finds that the prerequisites to a class action under Rule 23 of the Federal Rules of Civil Procedure have been met and that the prerequisites to a collective action under 29 U.S.C. § 216(b) have been met. Therefore, this case is hereby preliminarily certified, for purposes of settlement only, as a class action under Federal Rules of Civil Procedure 23(b)(3) and as a collective action under 29 U.S.C. § 216(b). The Court provisionally certifies the Settlement Class, as defined in the Settlement Agreement, for purposes of settlement only. Said Settlement Class includes the following: Security officers and former security officers employed by Protech Security Group, Inc. during the period of April 19, 2013, through and including May 30, 2018, regardless of whether they received a W-2 or 1099 tax form or were classified as an "employee" or "independent contractor."

4. The Court finds that the settlement set forth in the Settlement Agreement presented by the parties is adequate, fair, and reasonable within the context of Rule 23 of the Federal Code of Civil Procedure, that the settlement is in the best interests of the Plaintiff and members of the Settlement Class, and the Court grants preliminary approval thereto.

5. The Court appoints Plaintiff William Hudson as Class Representative, and finds that he has provided adequate representation to the Settlement Class.

6. The Court approves Seth R. Halpern and Meredith W. Buckley, of Malkinson & Halpern, P.C. acting as Class Counsel, and finds that Class Counsel have fairly and adequately represented the interests of the Class.

7. The Court finds that the submitted Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing and the letters regarding rights to Ronald Lewis, Kevin Johnson and

John Howard satisfy the requirements of due process and is adequate, fair, and reasonable, and directs that notice issue to the Settlement Class members pursuant to the parties' plan.

8. The Court finds that the proposed allocation and distribution method for the Settlement Amount is fair, reasonable and proper and in the best interests of the Plaintiff and the Settlement Class.

9. The Court appoints Simpluris, Inc., of Costa Mesa, California, as the Settlement Claims Administrator.

10. Pending final approval of the Settlement and the Settlement Agreement and entry of final judgment and dismissal of this Action with prejudice, the prosecution and defense of the case is hereby stayed; the Class Representative, all members of the Settlement Class, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that seeks to assert claims against any of the Defendants related to the subject matter of this Action.

11. The Court sets the following deadlines and directs that these dates be included in the notices to be issued to the class members:

    a. Deadline for sending CAFA notice is: _____November 26, 2018._
    b. Deadline for Defendants to provide Class Counsel with all most recent home addresses and email address for Class Members is: _____November 12, 2018;_____
    c. Deadline for initial mailing of Notice to Class Members is: November 26, 2018.
    d. Deadline for return mailing of claim forms is: _____January 7, 2019._
    e. Deadline for mailing requests for exclusion is _____January 7, 2019_ ; and

  f. Deadline for mailing objections is \_\_\_\_January 25, 2019\_\_\_\_.

 12. Class Counsel shall file the Motion for Final Approval and such Motion shall be filed on or before February 1, 2019.

 13. The Fairness and Final Approval Hearing is hereby scheduled to be held before the court on _____February 12, 2019,\_ at _____10:00am\_\_\_\_, in Room \_\_\_\_\_1843\_\_\_\_\_, United States District Courthouse, 219 South Dearborn Street, Chicago, Illinois, for the purpose of determining, *interalia*, whether to grant final approval to the Settlement Agreement, whether to approve payment to the named plaintiff/class representative for her service as Class Representative, to rule on any objections, to determine with finality the persons who shall be bound by the Settlement Agreement if final approval is granted, and to enter final judgment and dismiss this Action with prejudice. The Court directs that the date and time of the Fairness Hearing be included in the notices to be issued to the class members.

 13. The Court reserves exclusive and continuing jurisdiction over the Action, the Class Representative, the Settlement Class and the Defendants for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of the Stipulation and Settlement Agreement and this Order; (2) supervising the distribution of the settlement Fund; and (3) resolving any disputes or issues that may arise in connection with the Action or the Settlement of the Action. Pursuant to the Settlement Agreement, the Court shall retain jurisdiction following Final Approval of the Settlement over the Action for a period not to exceed 180 days for the sole purpose of administering and enforcing the terms of the Settlement, after which time the Action will be dismissed with prejudice absent further order of the Court.

 14. Class Counsel's request for an award of reasonable attorneys' fees in the amount of one-third of the gross settlement amount in this matter, and for reimbursement of litigation costs

in the amount of $17,690.70, shall be ruled upon at the time of the Final Approval of the Parties' Settlement. At the time of Final Approval, Class Counsel shall submit their lodestar amount in support of their request for an award of one-third of the gross settlement amount in this matter.

15. Nothing in this Order, the Settlement Agreement, or any other settlement-related document, or any proceedings undertaken in accordance with the terms of this Order, the Settlement Agreement, or any other settlement-related document, shall constitute, be construed as, or be deemed evidence of or an admission or concession by Defendants as to the validity of any claim that has been or could have been asserted in this Action.

Dated: OCTOBER 22, 2018

_____
Judge Sidney I. Schenkier